# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

MICHAEL MURPHY
137 Laird Avenue Lower
Buffalo, New York 14207,

              Plaintiff,        **SUMMONS**

vs.

                                    Index No.:

ERIE COUNTY
95 Franklin Street
Buffalo, New York 14202

SHERIFF JOHN C. GARCIA, in his Official and
Individual Capacity as Sheriff of Erie County
10 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY CORRECTIONAL FACILITY
11581 Walden Avenue
Alden, New York 14004

JOHN DOE 1 through 5 (said Erie County supervisor(s) and/or
Erie County Sheriff Department supervisor(s) or employee(s) or staff on
Duty involved in the incident and underlying claims),

              Defendants.

---

**TO THE ABOVE NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

      The basis of venue is plaintiff's residence which is located in Erie County, New York.

DATED:    Buffalo, New York
                October 11, 2024

                                        **LIPSITZ GREEN SCIME CAMBRIA LLP**

                                        By: /s/ Melissa Wischerath
                                        MELISSA D. WISCHERATH, ESQ.
                                        Attorneys for Plaintiff
                                        42 Delaware Avenue, Suite 120
                                        Buffalo, New York 14202-3924
                                        (716) 849-1333

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

---

MICHAEL MURPHY,

      Plaintiff,      **COMPLAINT**

vs.

ERIE COUNTY,
SHERIFF JOHN C. GARCIA, in his Official and
Individual Capacity as Sheriff of Erie County, and
ERIE COUNTY CORRECTIONAL FACILITY,
JOHN DOE 1 through 5 (said Erie County supervisor(s) and/or
Erie County Sheriff Department supervisor(s) or employee(s) or staff on
Duty involved in the incident and underlying claims),

      Defendants.

---

  Plaintiff, by and through his attorney, Melissa D. Wischerath of LIPSITZ GREEN SCIME CAMBRIA, LLP, hereby brings this Complaint and Jury Demand and alleges as follows:

### INTRODUCTION

  1.  Erie County, former Erie County Sheriff Howard and current Erie County Sheriff Garcia have knowingly and recklessly denied medical care to the men and women in the Erie County Holding Center (ECHC) for years, causing numerous investigations and deaths.[1]

---

[1] https://scoc.ny.gov/pdfdocs/Problematic-Jails-Report-2-2018.pdf last accessed on June 12, 2023.

2.      In February of 2018, the New York State Commission of Correction, published "THE WORST OFFENDERS REPORT: THE MOST PROBLEMATIC LOCAL CORRECTIONAL FACILITIES OF NEW YORK STATE."[2]

3.      After years of review, the Commission identified the ECHC as one of the top five worst offenders for violating state and federal laws, explaining "the five local jails that are deemed the 'worst offenders' for being in violation of state law. These facilities pose an ongoing risk to the health and safety of staff and inmates and, in instances, impose cruel and inhumane treatment of detainees in violation of their Constitutional rights."; and excessive use of force against detainees experiencing a mental health crisis in the jail.[3]

4.      Despite the state and constitutional mandates to provide detainees with adequate medical care and the staggering death rate, ECHC knowingly and recklessly lacks the means to give individuals that come through its doors adequate medical help.

## FACTS

5.      Beginning in October and November of 2023 up to an including his discharge on or about the 15th day or November, 2023, Michael Murphy was detained at the Erie County Correctional Facility ("ECCF").

6.      Michael Murphy had a past medical history, including diabetes. Upon intake, it was noted the Michael Murphy was a diabetic who required the use of insulin on a regimented program.

---

[2] https://scoc.ny.gov/system/files/documents/2023/09/problematic-jails-report-2-2018.pdf last accessed on June 12, 2023.
[3] Id.

2

7. However, upon his detention at ECCF, plaintiff's medication was administered inconsistently at different times each day, and often too early in the day resulting in erratic sugar levels. Michael submitted multiple grievances to the staff at ECCF with these concerns.

8. Plaintiff further complained to staff about the "special" diet for diabetics that the ECCF would provide to inmates. This diet was not appropriate containing too many carbohydrates for a diabetic to consume and very little protein.

9. Michael began with symptoms of pain to his right foot and great toe, of which he made the staff at ECCF aware.

10. Left untreated, foot pain in diabetics can cause severe medical issues and lead to amputations.

11. Prior to his discharge, Michael advised staff at ECCF that he would need his insulin prescription refilled in order to maintain control of his diabetes. ECCF advised him that he would have to follow the instructions of the inmate handbook and call the number to get his medications refilled at a local Walgreens Pharmacy.

12. Plaintiff was discharged on November 15, 2023, at which time he called the designated phone number at ECCF twice leaving a message on a machine each time.

13. After waiting five (5) days for ECCF to follow through with their discharge protocol, Michael presented to Buffalo General Hospital in order to have his prescriptions refilled. During this visit, the staff examined Michael's right foot and great toe complaints, which had turned black and shed multiple layers of skin. He was discharged home with the proper medications and instructions of how to keep it clean.

14. Approximately 3-4 days later, and with no improvement, Michael presented to Erie County Medical Center where it was determined that he had a blood infection called MRSA. Michael was taken into surgery where medical staff had to amputate the great toe of his right foot.

18. Defendants failed to provide adequate and required medical care to Michael Murphy, a person in their custody.

19. Defendants' willful and deliberate indifference to Michael Murphy's serious medical needs directly led to the amputation of his right great toe.

20. Upon information and belief, defendants filed false reports, failed to adequately screen Michel Murphy for medical conditions, failed to timely or adequately respond to requests for medical care, and denied or delayed for excessive periods the provision of necessary chronic and specialty care, including the filling of his prescription medications.

21. Defendants failed to sufficiently monitor or treat Michael Murphy, an individual experiencing diabetic complications.

22. Defendants' failure to provide adequate medical care resulted in the amputation of Michael's toe.

23. Defendants have been aware of the constitutionally and legally inadequate care and conditions in their jail for years, thereby possessing actual and constructive notice of these ongoing and recurring violations.

24. Reports from multiple outside agencies and consultants have repeatedly documented inadequate medical care, poor education, and poor training of corrections staff in recognizing the signs and symptoms of medical conditions, and inappropriate administration of prescription medications.

4

Case 1:24-cv-01067-JLS   Document 1-1   Filed 11/04/24   Page 8 of 18
FILED: ERIE COUNTY CLERK 10/11/2024 04:05 PM
NYSCEF DOC. NO. 1

INDEX NO. 815088/2024
RECEIVED NYSCEF: 10/11/2024

25. As more fully set forth below, upon information and belief, the defendants Erie County and Erie County Sheriff Garcia have a custom, policy, and practice of failing to provide detainees with mandated medical care and treatment.

## CONDITION PRECEDENT

26. On or about the 12th day of February, 2024, a notice of claim was served on behalf of Michael Murphy on defendants, in duplicate, which notice of claim sets forth the name and post office address of the claimant, the name and post office address of his attorneys, the nature of the claim, the time when the place where, and the manner in which the claim arose, together with the items of damages and injuries then known to exist, and was served upon defendants within ninety (90) days of the date upon which the claim arose. At least thirty (30) days have elapsed since the service of the notice of claim, and defendants have failed and neglected to adjust or pay the said claim.

27. This action falls within one or more of the exceptions set forth in the CPLR §1602.

## PARTIES

28. Plaintiff, Michael Murphy, at all times hereinafter mentioned, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

29. Defendant, ERIE COUNTY (the "County") is a governmental subdivision created under the laws of the State of New York. The County is charged by the laws of the State of New York with authority to maintain the Erie County Correctional Facility (ECCF).

30. Defendant, ERIE COUNTY SHERIFF'S DEPARTMENT is a governmental agency created under the laws of the State of New York, and an entity not capable of suit.

31. ERIE COUNTY SHERIFF JOHN C. GARCIA ("Garcia") is the Sheriff

of Erie County and is responsible for the day-to-day operations of ECCF. In his official capacity as Sheriff, he has the custody, control, and charge of the ECCF, and the pre-trial detainees confined within. Sheriff Garcia is sued in both his individual and official capacity.

32. ERIE COUNTY CORRECTIONAL FACILITY (ECCF) located in Alden, New York is a pretrial maximum security detention facility owned by Erie County.

33. Upon information and belief, at all times hereinafter mentioned, defendants, JOHN DOE 1 through 5, were and still are residents of the County of Erie and the State of New York. He/she/they are sued in his/her/their individual and official capacities. JOHN DOE 1 through 5, were hired and/or employed by defendants, Erie County and were acting within their authority as an Erie County Deputy Sheriff(s) and/or officer(s) and/or staff and acting under color of state law.

33. Upon information and belief, at all times hereinafter mentioned, defendant, Garcia, was acting within his authority as an Erie County Sheriff and acting under color of state law.

34. Upon information and belief, at all times hereinafter mentioned, defendants Erie County and/or Sheriff Garcia were responsible for the supervision, administration, policy, practices, procedures, and customs of the Erie County Sheriff's Department, and are responsible for the hiring, training, discipline, and control of the ECCF staff.

35. At all times hereinafter mentioned and in all their actions described herein, defendants, pursuant to the authority vested in the employees, servants, and agents of Erie County and/or the Sheriff, were acting under color of the statutes, ordinances, regulations, policies, customs, and usages of Erie County and/or Sheriff Garcia and under color of state law.

36. At all times hereinafter mentioned and in all their actions described herein, the employees, servants, agents, and sheriffs at the ECCF were acting within the scope of their employment and incidental to their otherwise lawful duties and functions.

37. Upon information and belief, at all times hereinafter mentioned, defendants, Erie County and/or Sheriff Garcia, owned, maintained, operated, managed, directed, controlled, and staffed the Erie County Correctional Facility, located at 11581 Walden Avenue within the Town of Alden, County of Erie and State of New York, and were responsible for the care and custody of all detainees at said facility.

38. Defendant, Erie County and/or Sheriff Garcia, was responsible for the hiring, training, supervision, discipline, retention, and promotion of employees of the ECCF staff.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (MEDICAL NEGLIGENCE UNDER NEW YORK LAW)

39. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

40. Upon information and belief, the incident hereinbefore described and the resultant injuries were caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants, and/or employees of defendants, ERIE COUNTY, SHERIFF JOHN C. GARCIA and ERIE COUNTY CORRECTIONAL FACILITY, and JOHN DOE 1 through 5, and more particularly, among other things, in failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical treatment, including but not limited to examinations and medications; in failing to properly and in a timely manner respond to grievances filed relating to his health needs and necessary medications; in failing to properly and in a timely manner respond to said plaintiff's medical complaints, symptoms and requests for treatment and/or medication and proper diet; in deliberately, purposefully, and knowingly denying inmates like plaintiff access to necessary medical treatment and diet for diabetic disorders; in negligently furthering the deterioration of his medical condition by ignoring his symptoms and complaints; failing or omitting to administer medication to plaintiff

on a timely basis and upon discharge to ensure that this medications would be available; in failing to respond to plaintiff's medical needs in an expeditious manner; and in violating plaintiff's state and federal constitutional and statutory rights by failing to provide medical care and administer medications, and failure to take reasonable measures to guarantee the health and safety of plaintiff.

41.     Upon information and belief, the incident hereinbefore described and the resultant injuries and death were caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants, and/or employees of defendants, ERIE COUNTY, SHERIFF JOHN C. GARCIA, and ERIE COUNTY CORRECTINAL FACILITY, were caused by those acts and omissions of the agents, servants and/or employees of the ERIE COUNTY, ERIE COUNTY SHERIFF'S DEPARTMENT, SHERIFF JOHN C. GARCIA, and ERIE COUNTY CORRECTIONAL FACILITY, and JOHN DOE 1 through 5, in their failure to properly and adequately train, supervise, instruct their employees, staff and/or officers with regard to the proper and timely medical treatment of detainees; in failing to properly and adequately train, supervise, instruct their employees, staff and/or officers in recognizing the signs and symptoms of diabetic disorders; in the failure to respond to Michael's medical crisis in an expeditious manner; and in violating Michael's state and federal constitutional and statutory rights as well as internal policies by failing to provide adequate medical care, and failing to take reasonable measures to guarantee the safety of Michael Murphy.

### SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS

### 42 U.S.C. §1983 AND FOURTEENTH AMENDMENT

**(Deliberate Indifference to Serious Medical Need in Violation of the Fourteenth Amendment)**

42. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

43. Michael Murphy, while under the care, custody and control of ERIE COUNTY, AND SHERIFF JOHN C. GARCIA, at the ECCF, was caused to suffer serious injuries, due to the failure of ERIE COUNTY, SHERIFF JOHN C. GARCIA and ERIE COUNTY CORRECTIONAL FACILITY, and JOHN DOE 1 through 5, to ensure for and/or provide timely and proper medical treatment to Michael Murphy; in their failure to provide medications and proper medical treatment that he required; the denial of treatment by defendants amounts to deliberate indifference to a serious medical need, in violation of the Fourteenth Amendments' prohibition against cruel and unusual punishment and 42 U.S.C. § 1983; in their failure and refusal to make a reasonable accommodation by providing him with access to proper treatment and medications, thereby discriminating against him on the basis of disability, even though accommodation would in no way alter the nature of the healthcare program, and unconstitutionally deprived him of his liberty and he was otherwise tortuously and maliciously harmed by the actions of the defendants, all in violation of Title 42 of the United States Code, Section 1983 et. seq. and the AMERICANS WITH DISABILITIES ACT. Said negligent and improper delay in medical treatment led to the amputation of his right great toe.

44. The diabetic symptoms suffered because of the diabetic disorder of Michael Murphy, constituted a serious medical need.

45. Upon information and belief, defendants, failed to provide treatment/medication for detainees suffering from diabetic disorder even though the medical standard of care for diabetic disorders is treatment and proper medications.

9

46. Defendants knew of and disregarded or should have known of the excessive risk of harm to Michael Murphy if he was not provided prompt and appropriate medical treatment for diabetes symptoms suffered as a result of the diabetic disorder.

47. The failure to provide and/or denial of access to treatment/medication caused Michael Murphy physical and psychological suffering and injuries resulting in the amputation of this right great toe.

48. The denial of treatment and failure by defendants to provide medical care and treatment to Michael Murphy constitutes a deliberate indifference to a serious medical need, in violation of the Fourteenth Amendment and 42 U.S.C. §1983.

49. As a result of the foregoing, plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION
### AGAINST ERIE COUNTY

**(Monell Claim-Municipal Liability Pursuant to 42 U.S.C. Section 1983)**

50. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

51. A municipality, such as Erie County, may be held liable under § 1983 when their official policies, practices, or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

52. Defendants, ERIE COUNTY and SHERIFF JOHN C. GARCIA, established, condoned, ratified, and/or encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of Michael Murphy, and

the damages and injuries described herein. They did so with deliberate indifference to the rights of the detainee. These written and unwritten policies, customs, patterns, and practices included:

a) Failing to adequately staff their department with sufficient deputies, staff, and employees (including health care workers), for welfare checks, medical assessment, monitoring, and medical treatment.

b) Failing to train, supervise and discipline deputies, staff, and employees at the ECCF responsible for welfare checks, medical assessment, monitoring, and medical treatment.

c) Failing to utilize qualitative benchmarks to assess the quality of medical care ECCF provides to its detainees.

d) Failing to take steps to ensure that deputies, staff, and employees at the ECCF do not falsify welfare checks and/or medical assessments and logs.

e) Failing to adequately staff their department with sufficient deputies, staff, and employees (including health care workers), for detainees with diabetic disorders.

f) Failing to have in place, or failing to follow, a policy or procedure to prevent officers from denying detainees access to necessary medical treatment for diabetic disorders.

g) Failing to properly screen, during the booking process, and supervise thereafter, prisoner, inmate, and/or detainee for chronic diabetic disorders.

h) Failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical treatment, including transport, assessments, monitoring, examinations, and medications.

i) Failing to properly and in a timely manner respond to medical complaints,

symptoms, and requests for treatment and/or medication.

j) Deliberately, purposefully, and knowingly denying detainees access to necessary medical treatment for diabetic disorders.

k) Failing to properly and adequately train, supervise, instruct their employees, staff and/or officers about the proper and timely medical treatment of detainees; and in recognizing the signs and symptoms of diabetic disorders

l) Failing to immediately seek hospital treatment for detainees in need of it.

m) Failing to recognize the signs and symptoms of severe diabetic disorders/complications.

53. At all relevant times, defendants acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of the detainee Michael Murphy. The actions of the defendants were malicious, willful, wanton, and reckless.

54. The failure by defendants to supervise, train, or discipline personnel was so obvious that the failure to do so amounted to a policy of "deliberate indifference."

55. Such acts as alleged herein were the proximate cause of injury and damage to the inmate, detainee, and/or prisoner.

**FOURTH CAUSE OF ACTION**
**AGAINST ERIE COUNTY, ERIE COUNTY SHERIFF'S DEPARTMENT, SHERIFF GARCIA, and ERIE COUNTY CORRECTIONAL FACILITY**

**AMERICANS WITH DISABILITIES ACT**

**(Unlawful Discrimination Against Qualified Individuals with Disabilities)**

56. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

57. Erie County Correctional Facility ("ECCF"), which is owned and operated by

Defendants, Erie County, Erie County Sheriff's Department and Sheriff Garcia, is a public facility subject to the Americans with Disabilities Act (ADA).

58. Diabetes is a "disability" under the ADA. See 42 U.S.C. §12102 and 12131(2); 28 C.F.R. §35.108.

59. The ADA applies to individuals, such as Michael Murphy, who require or are receiving treatment for diabetes.

60. Defendants denied Michael Murphy, the benefit of medical programs through the Erie County Correctional Facility on the basis of his disability.

61. Michael Murphy, while under the care, custody and control of the ERIE COUNTY, and Sheriff Garcia, at the ECCF, was caused to suffer serious injuries, due to the failure of ERIE COUNTY, SHERIFF JOHN C. GARCIA and ECCF to ensure for and/or provide timely and proper medical treatment to Michael Murphy, in their failure to provide medications and proper medical treatment that he required, the denial of treatment by defendants amounts to deliberate indifference to a serious medical need, in violation of the Fourteenth Amendments' prohibition against cruel and unusual punishment and 42 U.S.C. § 1983, in their refusal to make a reasonable accommodation by providing him with access to proper treatment and medications, thereby discriminating against him on the basis of disability, even though accommodation would in no way alter the nature of the healthcare program, and was unconstitutionally deprived of his liberty and otherwise tortuously and maliciously harmed by the actions of the defendants, all in violation of Title 42 of the United States Code, Section 1983 et. seq. and the ADA. Said negligent and improper delay in medical treatment led to the amputation of Michael Murphy's right great toe.

62. Defendants refused to and/or failed to make a reasonable accommodation to Michael Murphy, by providing him with treatment/medication for diabetes, thereby discriminating

13

against him on the basis of disability, even though accommodation would in no way alter the nature of the healthcare program.

63. As a result of the foregoing, plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## RELIEF REQUESTED

Plaintiff, respectfully requests that this Court:

a. Exercise jurisdiction over plaintiff's claims and grant him a jury trial;

b. Award plaintiff economic and non-economic damages, in an amount to be ascertained according to proof, and interest on said sums from the date of Judgment;

c. Award plaintiff punitive damages against defendants Erie County, Erie County Sheriff's Office, Garcia and ECCF in an amount sufficient to punish them and deter others from similar conduct;

d. Award plaintiff reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988; and

e. Grant plaintiff such other and further relief as this Court deems just and appropriate, including, declaratory and injunctive relief.

DATED:   Buffalo, New York
         October 11, 2024

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By: /s/ Melissa D. Wischerath
MELISSA D. WISCHERATH, ESQ.

Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333